Singh v. Barr

BIA
Criss, IJ
A208 179 455

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of April, two thousand twenty.

PRESENT:
   JOSÉ A. CABRANES,
   GERARD E. LYNCH,
   MICHAEL H. PARK,
    *Circuit Judges.*
_____

LOVEJED SINGH,
   *Petitioner,*

  v.         18-2061
            NAC
WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
   *Respondent.*
_____

FOR PETITIONER:   Deepti Vithal, Esq., Richmond Hill, NY.

FOR RESPONDENT:   Joseph H. Hunt, Assistant Attorney General; Kiley Kane, Senior

Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Lovejed Singh, a native and citizen of India, seeks review of a June 29, 2018, decision of the BIA affirming a July 28, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lovejed Singh,* No. A 208 179 455 (B.I.A. Jun. 29, 2018), *aff'g* No. A 208 179 455 (Immig. Ct. N.Y. City Jul. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, that is, minus the findings the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we only address the agency's finding of the asylum claim as untimely and the adverse credibility determination.

## I. Asylum: One-Year Filing Deadline

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application may be considered outside the one-year deadline "if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay," *id.* § 1158(a)(2)(D), and the application is filed "within a reasonable period given those circumstances," 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5).

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing the untimeliness is limited to constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). When assessing jurisdiction, we "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction or

whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). For jurisdiction to attach, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008). We review constitutional claims and questions of law de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Singh concedes that his application was untimely, but he argues that his mental health issues excused his untimely filing. Specifically, he states that the agency ignored the psychological evaluation in the record that supports his claim that his memory issues impacted his filing. The IJ and BIA, however, both explicitly referenced the evaluation when finding that there was insufficient evidence that Singh's mental health issues prevented timely filing. Singh, then, "merely quarrels over the correctness of the factual findings or justification for the discretionary choices," which we do not have jurisdiction to review. *Xiao Ji Chen*, 471 F.3d at 329. Accordingly, we dismiss the petition as to asylum. Moreover, as discussed below

4

the agency's alternative adverse credibility determination is supported by substantial evidence.

## II. Adverse Credibility

We review the agency's adverse credibility determination under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

5

The adverse credibility determination is supported by substantial evidence.

Singh alleged that he joined the Simranjit Singh Mann Party in January 2015, and members of an opposition party beat him once in February 2015 and threatened him twice. As the agency found, Singh's statements that he did not report his beating or threats to the police were inconsistent with a letter he submitted, in which his neighbor alleged that he was with Singh whenever he made reports to the police. Singh did not have a compelling explanation for the discrepancy, stating only that he did not prepare his neighbor's letter. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Further, the agency's demeanor finding bolsters the adverse credibility determination. "We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor

6

places h[im] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The record also supports the IJ's conclusion that Singh's testimony lacked detail: Singh gave vague answers about what his party did or what its agenda was, stating that he joined because the party was "excellent" and that it wanted to keep people off drugs and did "excellent work," and Singh's allegation that that he would be killed because of his party membership was not supported by any examples or details other than his own single beating.

Because of the inconsistency and the demeanor finding, the IJ reasonably determined that Singh's credibility was in question. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ also properly relied on Singh's failure to rehabilitate his testimony with reliable objective corroboration of his injuries and medical treatment, as the letter Singh submitted from his doctor was unauthenticated, vague, and not contemporaneous with his treatment. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 n.5, 215 (BIA 2010) (finding that letters from friends and family were insufficient to provide substantial support for claims because they were from interested witnesses not subject to cross-examination and noting that the "failure to attempt to prove the authenticity of a document through [8 C.F.R. § 1287.6] or any other means is significant"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Given the inconsistency between Singh's testimony and his neighbor's, which relates to Singh's only allegation of past harm, the deference due to the IJ's demeanor finding, and the lack of reliable objective corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief

8

because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

    For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court